No. 1541.—WILLIAM T. HATCHETT *v.* H. B. PEGRAM, Executor.

Where a party signed a note as security in Louisiana, and after it is prescribed by the laws of the State he removes to Alabama, and demand of payment is there made of him by the holder and he pays the note, to enable him to recover from the maker in the courts of Louisiana, he must show that he was bound on the note as security by the laws of Alabama and was compelled to pay it. A voluntary payment of the note by the surety will not enable him to recover of the maker.

APPEAL from Second District Court, parish of Orleans. *Thomas, J. Elmore & King* for plaintiff and appellant. *Marr & Foute* for defendant and appellee.

WYLY, J. Plaintiff paid the note of N. J. Pegram, on which he was security, and now sues the succession of the latter to recover the amount he alleges he was compelled to pay on account thereof, basing his demand on the following note and receipt, viz:

"$1136 26  "NEW ORLEANS, January 9, 1854.

"Two years after date we, or either of us, promise to pay to the

order of Crisp, McGee & Co. eleven hundred and thirty-six dollars and twenty-six cents, with interest at six per cent. per annum.

(Signed)                              " N. J. PEGRAM.

(Signed)                              " WILLIAM T. HATCHETT,

                                        " Security."

(Indorsed.)

"Received, Montgomery, Alabama, January 4, 1867, from William T. Hatchett, the security of this note, the sum of sixteen hundred dollars, in full payment of same.

(Signed)                              " R. B. McGEE,

          " By his attorneys, Cook, Enoch & Allen."

The defense is a general denial, and averments that the note was a Louisiana contract, entered into by parties residing in this State, and that the obligation was extinguished by prescription at the time the security, Hatchett, professes to have paid it, the note being then eleven years past due. The defendant also alleges that if the plaintiff paid the note in Alabama on fourth January, 1867, as alleged, it was a mere voluntary act on his part, which imposed no obligation on the succession of N. J. Pegram. That the latter was residing in this city at the time he made the note, and continued so to reside till his death, which occurred long after the note had been prescribed by the laws of this State.

The court rendered judgment in favor of the defendant and the plaintiff has appealed.

There can be no doubt that the note, as regards the succession of Pegram, was extinguished by prescription under the laws of this State where the succession was opened. C. C. 3505.

But was the obligation extinguished as regards the security, William T. Hatchett, on the fourth January, 1867, when he paid it in the State of Alabama where he then resided? Was he bound by the laws of that State to pay it? If so, can he recover the amount so paid from the estate of the principal debtor?

These are the main questions to be determined in this case. As to the liability of the security Hatchett in the State of Alabama, where he resided at the time, the laws of that State must govern, the only defense to the note being the plea of prescription.

Was the note prescribed under the laws as administered in the State of Alabama?

We find in the record the opinions of Judge Walker and other eminent jurists of that State, which were received as evidence without objection. In determining the liability of the plaintiff, great weight should be given to these opinions; they were received as testimony in this case.

Judge Walker testifies that he had no means of judging of Hatchett's liability except from what appeared upon the note itself, and in his.

opinion he was liable thereon at the time he paid it; that six years was the period prescribed in the statute of limitations, "but on the twenty-first September, 1865, the convention of the State of Alabama adopted an ordinance directing that in computing the time necessary to create the bar of the statute of limitations, the time elapsing between the eleventh day of January, 1861, and the passage of this ordinance (twenty-first September, 1865), should not be estimated. This ordinance is law in the State of Alabama. After deducting the interval prescribed in the ordinance from the period intervening, between the time when the note became due and the fourth January, 1867, there will not remain six years. It is therefore my opinion, says he, that under the laws of the State of Alabama the defense of the statute of limitations would not have been available to Hatchett in a suit commenced against him on fourth January, 1867. In attaining this conclusion I have considered the question springing from the fact that a suit on the note was barred in 1862, before the adoption of the ordinance, unless the operations of the statute were interfered with by Hatchett's absence from the State, of which I am not informed. The question thus arising, says he, is this, whether it was competent for the convention of the State of Alabama to change the period of limitation to an action on a contract after the time necessary to perfect a bar under the pre-existing law. In my opinion on the law as recognized and administered in this State, it was competent."

He further states that this view has been sustained by the Supreme Court of Alabama recently in a case presenting an analogous question, and that the principle has been settled by decisions extending as far back as 1850. When asked by the defendant in his second cross-interrogatory what would be the effect on the accessory obligation of surety if from any cause the principal obligor had been discharged, the witness said: "In 1837 it was decided by the Supreme Court of Alabama that as a general rule the extinction of the liability of a principal debtor was also an extinction of the liability of the surety, but that an exception prevailed when the extinction was caused by operation of law," etc. He referred to various subsequent decisions to the same effect, and said, in his opinion, the law as thus laid down in 1837 was the law of Alabama on fourth January, 1867.

The other distinguished jurists, who were examined in this case, entertained the same view of the subject as Judge Walker, and they adopted his opinion as a true exposition of Alabama law.

It appears, however, that the opinions of these witnesses were based upon what appeared on the face of the note without reference to the effect of Hatchett's absence from the State of Alabama, of which they say they were not informed. If Hatchett only moved from this State to Alabama after prescription had accrued upon the contract which he made here, does the ordinary statute of limitations of that State apply ?

It appears by the Code of Alabama, article 2487, that ."when the statute of limitations of another State or foreign country has created a bar to an action upon a contract or act done in such State or country, whilst the party sought to be charged thereby was a resident of such State or country, the bar thus created is effectual in this State against any suit brought therein, in the same manner it would have been in the State or country where the act was done or contract made."

This seems to be the law of the State of Alabama, specially applicable to persons of that State who are sought to be held liable on contracts made in other States and barred by the statutes thereof before moving therefrom. Assuming then that the ordinance of the Alabama Convention of 1865 was valid, and that in computing the time necessary to create the bar of the statute of limitations, no estimation is to be made of the time elapsing between the eleventh January, 1861, and twenty-first September, 1865, how does that affect the article of the Code of Alabama just quoted in reference to contracts made in another State and prescribed by the laws thereof before the party sought to be held liable moved from that State to Alabama?

Did the ordinance necessarily repeal the article of the Code? We think not. That article designated a certain class of cases where the prescription laws of other States should be permitted to apply. We understand the action of the convention, if valid, to modify the statute of limitation in Alabama, so that in making the estimate the period of the war was not to be computed.

The ordinance does not expressly repeal the article referred to, nor is it inconsistent therewith. It does not pretend to interfere with the law which permits the prescription laws of other States to be applied in certain cases.

The contract was entered into in this State, where the maker of the note and the payee thereof resided, and where we presume the security Hatchett also resided. In the absence of proof to the contrary we will presume that the surety on a Louisiana contract was an inhabitant of the State. If Hatchett moved to Alabama after the note had prescribed here, under the article of the Alabama Code referred to, we think he was not bound to pay it; and that the payment of an obligation, already extinguished as to both principal and surety, by the latter, does not give him a cause of action against the former. C. C. 3025.

As Hatchett paid the note without being sued, he cannot recover against the defendant without proving that he was bound to do so. The note was as its face prescribed and the onus is on him to show that he was liable at the time he paid it.

I⁺ ᵗˢ proved that the plaintiff lived in Alabama when he paid the no⸏ ᵣanuary 4, 1867), and that he resided there several years previously. According to our laws the note had been prescribed nearly six

years when he paid it. He may have lived there several years prior to the payment, and yet the note may have been prescribed before he moved from this State. Moreover, it does not appear from the record that the note had been indorsed by the payees, Crisp, McGee & Co., or that they authorized R. B. McGee to collect it. On the whole, we think plaintiff has failed to make out his case. He has not established with legal certainty that he was bound by the laws of Alabama to pay the note.

It is therefore ordered that the judgment appealed from be set aside, and it is now ordered that there be judgment as of non-suit, and that appellee pay costs of appeal.

. Rehearing refused.