·CASE 25—ACTION ON BOND OF RECEIVER—MARCH 29.

# May v. Ball & Others.

APPEAL FROM MASON CIRCUIT COURT.

REVERSED ON PETITION FOR REHEARING.

For former opinion, see 54 S. W. R., p. 851.

(No briefs in record.)

FINAL ORDER—SURETIES ON RECEIVER'S BOND—LIMITATION OF ACTION—CONTRIBUTION—SUPERIORITY OF EXECUTION LIENS.

1. A judgment decreeing a sale of land in satisfaction· of an ascertained lien is a final order from which an appeal lies.
2. A surety on a receiver's bond may discharge the obligation and proceed against the principal for indemnity, without waiting for suit against him.
3. Where a receiver executed a bond stipulating that he would pay the money held by him, whenever ordered by the court, a surety who has discharged the bond may enforce a mortgage of indemnity given him by the principal, as against the purchaser of the mortgaged property, although more than seven years had

elapsed since the execution of the original bond, especially in the absence of anything in the bond or pleadings, to show who was entitled to collect the money or to procure an order of court for its payment.

4. The obligors having undertaken that the receiver would pay the interest semi-annually, to a *named person*, the statute of limitation began to run as to each installment of interest, when it was due, and the right of action against the surety was barred in seven years from that time.

5. A surety can not enforce a mortgage executed by the principal to indemnify him, as against a purchaser of such mortgaged property, when he might have defeated a recovery against himself, as surety, by pleading limitation, because such purchaser has the right to make any defense that the surety might have made.

6. The lien of the plaintiffs in an execution was lost by their order to the sheriff to return it.

OPINION OF THE COURT BY JUDGE GUFFY—REVERSING.

This appeal was dismissed on motion of the appellees upon the assumption that the order appealed from was not a final order, and therefore not appealable. Afterwards the appellant filed a petition for rehearing, and upon a more careful consideration of the case it appears that the appellant claimed to be the owner in fee of a considerable portion of the land in contest, and the judgment appealed from held that said land was subject to sale to satisfy the claim of the appellees, and gave them priority over the appellant. Hence it follows that the judgment appealed from was a final order, so far as the title of appellant was concerned, and therefore the appeal must be entertained, and the former opinion dismissing the appeal is now withdrawn.

On the 25th of May, 1897, the appellee W. W. Ball and others instituted their action in the Mason Circuit Court against H. H. Cox and others. We copy as follows from the petition: "The plaintiffs, W. W. Ball, A. M. J. Cochran, Robert A. Cochran, James Cochran, William D. Coch-

ran, and Horace J. Cochran, state that on October 28, 1885, in the action then pending in the Mason Circuit Court of James Wormald's Executor v. The Maysville & Mason County Library & Historical & Scientific Association, said court duly appointed the defendant, H. H. Cox as trustee or receiver of said court, by its order duly made and entered of record; and in pursuance of the order of court, and in order to qualify as said trustee or receiver of said court in said action, and receive the funds, said H. H. Cox and his two sons, the defendants Orlando Cox and Henry Cox, now deceased, as principals, executed a bond to the Commonwealth of Kentucky for the sum of thirty-seven hundred dollars, with interest from said October, 1885, payable on the order of the court, and the plaintiff W. W. Ball and one Robert A. Cochran, Sr., became his sureties on said bond. Said bond was approved by said court in this action, and it and the orders appointing said Cox and approving said bond are a part of the records of this court, and referred to and make a part hereof, and copies will be filed if required. Said H. H. Cox accepted said appointment, and duly qualified as said receiver or trustee, and as said officer said court placed in his hands the sum of $3,700, which he and the other parties to said bond agreed and covenanted in said bond should be paid by him according to the order of said court, together with interest at six per centum per annum from said October 23, 1885." It is further alleged in the petition that on the said day the defendants H. H. Cox and wife, in order to secure said Cochran and Ball from all loss through or arising out of their suretyship, mortgaged to them certain property, which is described in the petition. It is further alleged that Henry Cox, the other principal in the bond, died un-

May v. Ball, *et. als.*

married and insolvent; that Robert A. Cochran died, leav-
ing, by his will, all his estate to his wife, Harriet Coch-
ran, and she died testate, leaving all her estate to the
plaintiffs, A. M. J. Cochran, Robert A. Cochran, Jr., James
Cochran, William D. Cochran, and Horace J. Cochran;
that there had been no administration on the estate of said
Robert and Harriet Cochran. It is further shown in the
petition that on September 4, 1894, the said H. H. Cox
and wife mortgaged to the Maysville Cemetery Company
50 feet front of said land on the east side thereof, back
to the river, to secure a debt of $1,000, and that plaintiffs
have agreed in writing that said cemetery company's mort-
gage should be superior to theirs as to the said 50 feet.
The bond referred to reads as follows: "Mason Circuit
Court.   J. G. Hickman, Executor of Jacob Wormald,
Plaintiff, v. The Maysville & Mason County Library, His-
torical & Scientific Association *et als*, Defendants.  Bond
of Henry H. Cox.  The undersigned Henry H. Cox, by an
order of this court made at its October term, 1885, on the
23d day of that month, is appointed trustee or receiver
of the court to take the sum of thirty-seven hundred
($3,700) dollars but as trustee or receiver is first required
to execute bond to the Commonwealth of Kentucky in
compliance with said order, and with one or more good
sureties.  Now we, Henry H. Cox, Sr., and Orlando P.
Cox and Henry H. Cox, Jr., as principals, and Robert A.
Cochran, Sr., and W. W. Ball, sureties, bind ourselves to
the Commonwealth of Kentucky, for the use and in be-
half of all persons interested in said money, that said
Henry H. Cox, Sr., as receiver or trustee aforesaid, will
faithfully discharge his duties as such under the law and
under the orders of this court; that he and his co-princi-
pals and his sureties will pay interest on said sum of

thirty-seven hundred ($3,700) dollars semi-annually from this day at the rate of six per cent. per annum to Mary A. Wormald; that said Henry H. Cox, Sr., shall charge nothing for his services as receiver or trustee; and that he and his co-principals and his sureties will pay said sum of thirty-seven hundred ($3,700) dollars, or any part of it, whenever payment shall be ordered by said court. Witness our hands this 23d day of October, 1885. Henry H. Cox, Sr. Orlando P. Cox. Henry H. Cox, Jr. Robert A. Cochran. W. W. Ball." Afterwards, by an amended petition, the plaintiffs made the appellant and some of the appellees parties, and called upon such new parties to assert their liens, if any they had, upon the property in question. The court overruled various motions and demurrers made by the appellant, which it seems to us need not be considered upon this appeal.

On December 7, 1897, the appellant filed his answer, which may be taken as a denial of all the averments of the petition which tended to show a right to enforce the mortgage liens set up by plaintiffs. It is also alleged: That the Northup, Braslan & Goodwin Company, on the 23d of July, 1897, made the following order on the back of their execution, to-wit: "The sheriff will return and the clerk will not reissue without further notice. July 23d, 1897. M. C. Hutchins, Attorney." That since then no execution has been issued. That on June 9, 1897, the Storrs, Harrison Company and the Cleveland Seed Company also entered orders on their respective executions, directing the sheriff of Mason county to return them to the office of the clerk of the Mason Circuit Court; and that no executions have been issued on said judgments, or any of them, nor any sale made thereunder. It is further alleged that at the February term, 1897, of the Mason Circuit Court

May v. Ball, *et. als.*

appellant recovered judgment against H. H. Cox and Or-
lando P. Cox, partners as H. H. Cox & Son, for the sum of
$136.26, with interest and cost; that on February 22, 1897,
he caused to be issued his execution upon said judgment,
which execution was placed in the hands of the sheriff of
Mason county, and by him, on the —— day of ——, 1897,
levied on the real estate described in the petition, except
a homestead set apart to defendant Cox, and that on Sep-
tember 11th, for a valuable consideration, he purchased
188 feet and 10 inches of the property described in the pe-
tition (describing the same), no part of which is included
in the mortgage to the Maysville Cemetery Company; and
that said property so purchased by him, together with
66 feet adjoining it, set apart by the appraisers as a home-
stead to said H. H. Cox, constitute the entire property
on which Ball claims to have a mortgage lien. The lien
of Ball upon the property claimed by appellant is express-
ly denied. In the second paragraph of the answer it is
alleged that on March 2, 1897, the date of the plaintiff
Ball's alleged payment of the sum of $4,336.55, more than
seven years had elapsed since he signed as surety the bond
of defendant H. H. Cox as receiver of this court, and that
any liability to him as surety thereon was then, and has
been for some time, barred by the statute of limitation,
which operated to and did absolutely release him as sure-
ty; and which statute in such cases made and provided
this defendant pleads and relies on as a complete defense
to the action of said Ball seeking to subject, for a sup-
posed debt, the property purchased by the defendant as
aforesaid. In the third paragraph of appellant's answer
it is alleged that said H. H. Cox, May 10, 1897, in the ac-
tion, executed a similar bond for the same fund, with
Robert A. Cochran as security; and it is further alleged

that no additional funds came to his hands after the execution of the bond in 1885, and the statute of limitation is again pleaded. Plaintiffs demurred to the second and third paragraphs of the answer, and appellant amended his answer, in which he alleged that plaintiffs' cause of action accrued more than seven years before the institution of this action. The court sustained plaintiffs' demurrer to the second and third paragraphs of the answer and to the amended answer. At the March term, 1898, it was adjudged that the plaintiff Ball recover of defendants H. H. and Orlando P. Cox $4,319.40, with interest from March 9, 1898, until paid. He was also adjudged a lien upon the land in controversy. But it was adjudged that the Maysville Cemetery Company had a prior lien on the real estate mortgaged to it as hereinbefore set out. A lien was adjudged to the Storrs, Harrison Company subordinate to plaintiff's, but superior to that of appellant, and the same preference was given the Cleveland Seed Company. The Northup, Braslan & Goodwin Company was adjudged a lien of equal dignity with appellant's and from the judgment aforesaid this appeal is prosecuted.

The appellant has filed an extensive brief, citing many authorities to support his contention that the judgment complained of is erroneous in many respects and for many reasons. We can not concur with appellant's contention that Ball should have required a suit to be instituted against himself or his principal, and judgment rendered, before he was authorized to pay. We think it clear that a surety, who is in law bound to pay an obligation, has an undoubted right to pay the same, and to proceed against his principals or co-securities for indemnity or repayment.

It is very earnestly contended for appellant that the

May vs. Ball *et als.*

statute of limitation barred any right to recover against Ball on the bond question, and several authorities are cited in support of this contention.  It will be seen from the bond in suit that the commissioner or receiver was obligated to faithfully discharge his duties under the law and under the orders of the court, and pay interest on said sum annually at the rate of 6 per cent. per annum, the bond being dated the 23d October, 1885.  It does not appear from the answer who were really entitled to collect the sum of money named in the bond.  It has been held by some courts that, where a party was entitled to collect money held by a receiver, the statute of limitation would begin to run from that time, although the money was held subject to the order of the court.  But, inasmuch as the pleadings here fail to show who, if at all, were entitled to immediately demand and collect the money, we deem it unnecessary to decide whether such failure to obtain such order for more than seven years would release the security.  We do not think that under the pleading the execution of the bond in 1879 affects this case at all.  It will, however, be seen that the receiver was bound to pay, every six months, interest on the sum of money named in the bond to a named person.  It follows, therefore, that the statute began to run from the time these several sums should have been paid, and to that extent the plea of the statute of limitation pleaded in the second paragraph of the answer and amended answer was good and sufficient, and the demurrer thereto should to that extent have been overruled.

Appellant has referred us to several cases where a surety for the payment of money which was under the control of the court has been held to be released after the expiration of seven years from the time same was due; but an

examination of the cases cited, so far as we are advised, will show that the sureties so released were sureties on paper due and payable at a fixed time. Therefore such cases are not decisive of this case.

It is the contention of appellees that the plea of the statute of limitation is a personal plea that a party may or may not rely upon at his option. Such contention is true where no person is to be affected except the security. But it has been held time after time by this court that a surety paying an obligation from which he has been released acquires no right to recover the money back, although he in good faith believed he was bound therefor. And it is well settled that a party having an interest in property in dispute, or claiming a lien thereon, may make any defense against a third party asserting a claim thereto that the real debtor or original owner could make; or, in other words, where two parties are asserting conflicting claims to land or a fund on account of a debt or demand against a third party, that either one of the adverse claimants can make any defense that the mortgagor or principal in the bond or debt could have made, and in this case appellant can make the same defense that Ball could have made if the beneficiaries of the bond had attempted to compel him to pay by reason of his suretyship on the bond. This record shows that, as between appellant and appellees other than Ball, his lien upon the land purchased by him was superior to that of said appellees. The court therefore erred in not so adjudging. For the reasons indicated, the judgment is reversed, and cause remanded, with direction to the court below to overrule the demurrer to the second paragraph of the answer as amended, and to adjudge that appellant's lien upon the land purchased by him under his execution sale to the extent of

his debt, interest, and cost is superior to that of all other appellees except Ball, and for proceedings consistent with this opinion.