THOMAS P. HENDERSON *v.* J. T. LOCKE.*

(*Nashville.*   December Term, 1925.)

**PRINCIPAL AND SURETY.** Surety paying debt barred by statute as
against both principal and surety cannot recover from principal.
Surety paying debt after statute of limitations attached in both his
and principal's favor cannot recover from principal.

Cases cited and approved: Marshall v. Hudson, 17 Tenn., 57; Maxey
v. Carter, 18 Tenn., 521; Reeves v. Pulliam, 66 Tenn., 119; Hooks v.
Branch Bank, 8 Ala.; 580; Reid v. Flippen, 47 Ga., 273; Scott v.
Nichols, 27 Miss., 94; Sibley v. McAllaster, 8 N. H., 389; Willis v.
Chowning, 90 Tex., 617; Norton v. Hall, 41 Vt., 471; Cocke, Adm'r.,
v. Hoffman, 73 Tenn., 105; Stone v. Hammell, 83 Cal., 547; May
v. Ball, 56 S. W., 7; Hatchett v. Pegram, 21 La. Ann., 722; Ran-
dolph v. Randolph, 3 Rand, 490.

---

*Headnote 1. Principal and Surety, 32 Cyc., p. 259.

---

FROM WILLIAMSON.

---

Appeal from the Chancery Court of Williamson Coun-
ty.—HON. J. C. HOBBS, Chancellor.

R. H. CROCKETT, for appellant.

WM. S. NOBLE, for appellee.

MR. JUSTICE HALL delivered the opinion of the Court.

The bill in this cause was filed by complainant, Thomas
P. Henderson, to recover of the defendant, J. T. Locke,

the sum of two hundred seventy-seven dollars and eighty-seven cents alleged to be due him on account of money paid by complainant as surety for the defendant. A demurrer was interposed to the bill by the defendant Locke, which was overruled by the chancellor, and, the defendant refusing to plead further, a decree was rendered in favor of complainant for two hundred seventy-nine dollars and fifty-five cents, principal and interest. From this decree defendant has appealed and assigned the action of the chancellor for error. On September 1, 1916, the defendant executed his promissory note to the order of W. P. Givens in the sum of one hundred seventy-five dollars payable with interest on or before January 15, 1917, the note providing on its face for the payment of reasonable attorneys' fees and costs incident to its collection, with complainant and N. C. Perkins as sureties thereon.

Subsequently, on divers dates, the defendant paid small sums on said note with which it was properly credited. Thereafter, no other or further payments having been made by the defendant or his sureties on said note, suit was brought thereon on September 14, 1925, by Givens before W. W. Courtney, a justice of the peace for Williamson county, against the defendant the principal, the complainant individually, and as administrator of N. C. Perkins, who had died in the meantime, as sureties.

On the date the suit was instituted the statute of limitations of six years had run as to both the principal and sureties, and this defense was equally available to each of them.

To this action the defendant (principal) pleaded the statute of limitations and the suit was dismissed as to him. The defendant, Thomas P. Henderson (complain-

ant here), individually, and as administrator of N. C. Perkins, deceased, declined or failed to interpose or plead this defense, and judgment was rendered against him individually and as administrator of his intestate for the unpaid balance of the note, interest, attorneys' fees, and costs.

Thereafter, to-wit, October 3, 1925, complainant paid said judgment, costs and attorneys' fees amounting to the total sum of $277.84, to recover which the bill in this cause was filed, as before stated.

The ground of defendant's demurrer to the bill was, in substance, that, he having pleaded the statute of limitations in the suit before the justice of the peace upon said note, and it having been adjudged that he was not liable for the reason that the note was barred, which defense was equally available to the sureties, he could not be held liable for the voluntary payment made by complainant of the judgment rendered against the sureties.

It has been held by this court that a surety, who has been compelled to pay a debt, may recover against the estate of his principal, or against the estate of a cosurety for contribution, although the personal representative of the principal or surety as the case may be may have already been protected by the statute of limitations from a direct suit by the creditor. *Marshall* v. *Hudson,* 9 Yerg., 57; *Maxey* v. *Carter,* 10 Yerg., 521; *Reeves* v. *Pulliam,* 7 Baxt., 119.

In such cases the obligation is left in full force as against all other parties to the contract, and if such other parties are compelled to pay the debt, while it is legal, subsisting, and compulsory, their rights growing out of such compulsory payment remains in full force.

To the same effect is the holding of the court in *Hooks* v. *Branch Bank,* 8 Ala., 580; *Reid* v. *Flippen,* 47 Ga., 273; *Scott* v. *Nichols,* 27 Miss., 94, 61 Am. Dec., 503; *Sibley* v. *McAllaster,* 8 N. H., 389; *Willis* v. *Chowning,* 40 S. W., 395, 90 Tex., 617, 59 Am. St. Rep., 842; *Norton* v. *Hall,* ·41 Vt., 471.

But it has never been held that, if the surety pays the debt of his principal after it has ceased to be legal, subsisting, and compulsory, as where he himself is protected by the statute of limitations, he could recover against the·principal.

It was held by this court in *Cocke, Adm'r,* v. *Hoffman,* 5 Lea, 105, 40 Am. Rep., 23, that a surety who pays the debt after the bar of the statute of limitations has attached in his favor is not entitled to recover a contribution from a cosurety equally protected by the statute. We think this principle applies equally to a surety who has paid the debt of his principal after the bar of the statute of limitations has attached in favor of both of them.

In 32 Cyc. 259, it is said: "If the surety pays after the debt is barred both as to him and to his principal, he cannot recover; but if the debt is not barred as to the principal, the surety can waive the statute of limitations for himself, and payment under such circumstances will not be voluntary."

In *Stone* v. *Hammell,* 23 P., 703, 83 Cal., 547, 8 L. R. A., 425, 17 Am. St. Rep., 272, *May* v. *Ball,* 56 S. W., 7, 108 Ky., 180, *Hatchett* v. *Pegram,* 21 La. Ann., 722, and *Randolph* v. *Randolph,* 3 Rand. (Va.), 490, it was expressly held that if the surety pays the debt after it is barred both as to him and his principal he cannot recover.

To the same effect is the rule announced in Pengrey on Suretyship & Guaranty (2d Ed.), section 190.

It results that the chancellor was in error in overruling the defendant's demurrer and rendering a decree against him. The decree is therefore reversed; the demurrer is sustained, and the bill dismissed, with costs.