C. M. ELAM, Appellant,

v.

ACME WELL DRILLING COMPANY, Inc., Appellee.

Court of Appeals of Kentucky.

Feb. 10, 1967.

R. B. Bertram, E. G. Bertram, Jr., Bertram & Bertram, Monticello, for appellant.

Ruben Hicks, Monticello, Joe S. Feather, Williamsburg, for appellee.

STEINFELD, Judge.

Appellee, Acme Well Drilling Company, Inc., filed suit in the McCreary Circuit Court against L. P. Roe, seeking to recover $5,945.00. A general order of attachment was issued and levied upon certain oil well drilling equipment owned by Roe. Thereafter Roe executed a forthcoming bond, with appellant C. M. Elam as surety thereon. The bond provided: "That the Defendant shall perform the judgment of the Court in this action, or that the property herein which has been attached in this action or its complete value thereof at this time shall be forthcoming and subject to the order of the Court." After execution of the bond and due appraisal of the property, the sheriff redelivered possession of the property to Roe.

The case went to trial on September 18, 1963, and upon the failure of Roe to make an appearance judgment was entered against him. Thereafter notice was served on both Roe and appellant as surety that motion would be made on September 27, 1963, for the production of the attached property. Pursuant to that motion the court ordered the property produced by January 15, 1964. On the latter date all of the property had been returned to the sheriff except one set of drill jars, one small hole stem and one rope socket. It was apparently necessary to file a claim and delivery action against the alleged agent of the appellee in the Circuit Court of Clinton County to secure possession of the set of drill jars and small hole stem. On March 10, 1964, those two items, along with the rope socket, were returned to the sheriff of McCreary County.

It appears the trial judge was not apprised to the fact that all the attached property had been returned to the sheriff by March 10, 1964. At any rate, on March 16, 1964, the court entered a supplemental judgment directing the sheriff to sell the property at public auction, and providing that appellant as surety was liable for any deficiency in the sale price from the original appraised value of the property. This appeal is prosecuted on the supplemental judgment.

The designation of record was not filed for more than 100 days after the day the notice of appeal was filed. The appellee maintains that the filing was not done promptly as required by CR 75.01, which is true. However, failure to seasonably move for a dismissal effectively waives any right appellee may have had to demand such dismissal. The principles stated in Bardill v. Bird Well Surveys, Inc., Ky., 310 S.W.2d 265 apply here.

The second point broached by appellee is that this appeal is premature because he contends that it is not from a final order or judgment. The supplemental judgment of March 16, 1964, provided that appellant as surety would be liable for any deficiency between the appraised value and the sale price of the property which had been surrendered to the Court. It directed that "the property delivered to and now in the hands of the sheriff be sold by said sheriff of McCreary County to satisfy the judgment entered herein and the costs of this action, such sale to be subject to the following terms and conditions, to-wit:" It then made provision for advertising, time and place of sale and the terms of sale. It provided that the proceeds of sale should "be applied toward the satisfaction of the judgment herein" and adjudged that Elam should "pay any deficiency herein, not exceeding the sum of $5,885.00, the appropriate value of said property, for which deficiency plaintiff shall have immediate execution * * * ".

That judgment not only "definitely settled the issues between the parties, * * * but also specifically ordered the property sold in satisfaction of the * * * judgment." Johnson v. Beattie et al., 265 Ky. 264, 96 S.W.2d 762. It was a final judgment since it determined the rights and authorized enforcement. McCormack v. Moore, 273 Ky. 724, 117 S.W.2d 952. There was nothing more for the Court to adjudicate, therefore, the judgment put an end to the controversy between the parties. Adkins v. Carol Mining Company, 281 Ky. 328, 136 S.W.2d 32. The order to the sheriff to sell the property was a direction to perform an administrative act. The necessity to enter his report did not prevent the judgment from being final and appealable.

There is no claim asserted by plaintiff for damage to the property or because of unreasonable delay in returning it. It claims that Elam is responsible for the appraised value of the property when the bond released it from the possession of the sheriff.

The judgment was erroneous in providing that a public sale should be had and the deficiency, if any, be made up by the surety. That is not the accepted method of determining the liability of a surety under a forthcoming bond given pursuant to KRS 425.280. The bond provided in the alternative that the surety would produce the property or pay the appropriate value. The surety produced the property. This fulfilled his obligation under the bond.

In Royal Collieries Co. et al. v. Picklesimer, 240 Ky. 686, 42 S.W.2d 907, 908 we said:

"By the terms of the bond executed under section 214 of the Civil Code of Practice, the appellant United States Fidelity & Guaranty Company undertook to bind themselves in double the value of the property that the defendant shall perform the judgment of the court, or that the property or its value shall be for the company in the action. The possession of the property under the bond was released. The lien upon the property attached was not released by reason of execution of this bond, and the power of the court over the property remained in full force, notwithstanding the release of the possession of the property. Hudson Engineering Company v. Shaw, 167 Ky. 27, 179 S.W. 1083. The only undertaking assumed by the surety company by execution of this bond was that the property attached would be forthcoming, or that the judgment of the court would be satisfied. Bell v. Western River [Improvement & Wrecking] Company, 3 Metc. 558; Hobson v. Hall, 14 S.W. 958, 13 Ky.Law Rep. 109; Lee v. Newton, 87 S.W. 789, 27 Ky.Law Rep. 1004."

The judgment is reversed for further proceedings consistent with this opinion. All concur.