**Lucien J. CERWIN et al., Appellants,**

v.

**Merrill TAUB et al., Appellees.**

Court of Appeals of Kentucky.

April 8, 1977.

S. Arnold Lynch, William H. Ballard, Lynch, Sherman, Cox & Fowler, Louisville, for appellants.

R. Lawrence Baird, Tarrant, Combs & Bullitt, Louisville, for appellees.

Before GANT, HOWERTON and WHITE, JJ.

GANT, Judge.

This is an action which wandered through various chambers of the Jefferson Circuit Court for 52 months and concerns a foreclosure action on the Mayflower, a large apartment-hotel in Louisville, in which a restaurant was operated as a separate business.

On March 13, 1972, IIT, a real estate investment trust, whose trustees are Appellees herein, filed a foreclosure action against Ormsby, Inc., the mortgagor of a $620,000.00 mortgage on the aforesaid Mayflower. The Appellants were made defendants in this action as holders of a $255,000.00 junior lien on this property. On March 31, 1972, a receiver was appointed for the Mayflower and on June 13, 1972, a receiver was appointed for DCL Enterprises, Inc., a tenant which operated a restaurant on the premises and which corporation was thereby placed in receivership. On May 19, 1972, a default judgment was entered against Ormsby, Inc. on behalf of IIT and a sale ordered to satisfy this judgment. The Appellants were awarded a default judgment on a cross-claim on June 13, 1972. The property was sold on June 19, 1972, after spirited bidding, and the Appellants became the successful bidder for the sum of $765,000.00. Appellants were apparently bidding for and on behalf of an assignee who subsequently ran into difficulty and was unable to perform and this occasioned a default in performance on behalf of the Appellants after the sale was confirmed on July 14, 1972. It should be pointed out that this assignment was never made a part of the record and the assignee was not a party to this action, although he was a party to a companion action which was considered at the same time but never consolidated with this action.

After Appellants failed to perform, the Appellees moved to set the sale aside on October 27, 1972, and asked the court to resell the property for the account of and at the risk of the Appellants.

On November 17, 1972, the Appellants moved the court to be permitted until Janu-

ary 3, 1973, to comply with their original purchase and on November 20, 1972, an order was entered which provided, *inter alia*, as follows:

(1) That the confirmation of the first sale be set aside;

(2) That the $5,000.00 cash deposit paid by the Appellants at the first sale be applied to the costs and interest of the action;

(3) That the property be resold "for the account of and at the risk of the original purchasers, except that the purchaser at such sale shall be required to make a cash deposit of $50,000.00 with the Commissioner at the time of the sale unless such purchaser be the plaintiffs";

(4) That the Appellants be given until January 3, 1973, to comply with their bid, in which event this order would be set aside.

The Appellants were apparently unable to comply with their bid at the first sale and on January 8, 1973, the property was resold and IIT was the only bidder, purchasing the property for $520,000.00.

It is important at this time to stop and consider the parties before the court as of the time of the entry of the order above referred to, November 20, 1972. The original action was against Ormsby, Inc. and it had been disposed of by the default judgment. DCL had been placed into receivership and the order of receivership dated June 13, 1972, clearly removed DCL as a party. The sole entities with whom the court was dealing on November 20, 1972, were the appellee, mortgagor; Appellants, junior lienholder and purchaser at the first sale; and the two receivers, one for Orsmby and one for DCL.

The Commissioner's report of sale was filed on January 8, 1973, and from that time until the second sale was confirmed without objection on August 10, 1973, the only activity in this action was the filing of various claims with the receivers and orders establishing fees and payment of various sums to and on behalf of the receivers. In November of 1973 and March of 1974, the two receivers were released and discharged and this action again lay dormant until October

4, 1974. From that time until June 6, 1975, various motions were filed and orders tendered and finally an agreed order was entered referring this matter to the Commissioner of the Jefferson Circuit Court for his ruling on certain questions posed therein and, in effect, on all of the motions and tendered orders which had been previously filed. The Commissioner filed his report on December 8, 1975, in essence holding that all matters concerning the amount of the deficiency, credits, counter-offers, etc., would have to be held in abeyance until the court passed on whether the order of the court entered on November 20, 1972, was a final order from which an appeal could have been taken at that time or an interlocutory order, and that only after the court determined that matter would the Commissioner take under consideration the amount of deficiency to which the plaintiffs are entitled.

After a request by the Appellants to modify the November 20, 1972, order and tender of an order declaring that the November 20, 1972, order was, in fact, a final order, the court, on July 23, entered its order declaring that the November 20, 1972, order was a final order within the meaning of CR 54.01 at the time of its entry and that this July 23, 1976, order was a final order, appealable, and that there was no just reason for delay in its entry. It is from this July 23, 1976, order that the Appellants appeal.

The Appellants raise two issues in their briefs and by their oral arguments heard by this Court. The first is that the November 20, 1972, order of the Jefferson Circuit Court was an interlocutory order and not final and appealable within the meaning of CR 54.01 since it did not adjudicate all the rights of all the parties. Second, Appellants urge that if this Court determines that this order was interlocutory and therefore subject to later modification, the Appellants, as defaulting bidders at the first judicial sale, should be relieved from liability for any deficiency at the second sale because of the increase in the required cash deposit from $5,000.00 to $50,000.00 on the grounds that this was a material change in the terms of the sale.

Simply stated, the Appellants urge that the November 20, 1972, order was not a final order under the provisions of CR 54.02 as it involved multiple parties, multiple claims, and failed to include the magic words "There is no just reason for delay" and "This order is final." Appellees contend that the November 20, 1972, order was, in fact, a final order within the definition contained in CR 54.01 in that it adjudicated all of the rights of the parties in the action then pending.

■ As the Court has previously pointed out, the entities involved in this litigation on November 20, 1972, were the Appellants, the Appellees, the receiver for Ormsby, Inc. and the receiver for DCL Enterprises, Inc. The case of *Atlantic Trust Co. v. Chapman*, 208 U.S. 360, 28 S.Ct. 406, 52 L.Ed. 528 (1908), which case was cited with approval in the case of *Crump and Field v. First National Bank of Pikeville*, 229 Ky. 526, 17 S.W.2d 436 (1929), held that a receiver "is an indifferent person between the parties; an officer of the court appointed on behalf of all parties . . . the creature, and arm, of the court." It is the opinion of this Court that the receiver for Ormsby, Inc. and the receiver for DCL were not "parties" within the definition of multiple parties as required by CR 54.02.

■ We are then faced with the question of whether there were multiple claims as required for CR 54.02 to apply. It is true that numerous suppliers and materialmen had filed claims herein with the two receivers for Ormsby, Inc. and DCL but none of these persons were parties to this action and their claims merely awaited apportionment from the funds received when the property was ultimately sold and required administrative acts on behalf of the receivers only. It is our opinion that these were not claims within the meaning of CR 54.02.

■ There are numerous cases in Kentucky holding that an order directing property to be sold in satisfaction of a judgment was, in fact, a final judgment and that the only purpose of retaining the case on the docket was to enforce the judgment. In *Elam v. Acme Well Drilling Co.*, Ky., 411 S.W.2d 468 (1967), we find the following language:

> That judgment not only "definitely settled the issues between the parties, * * but also specifically ordered the property sold in satisfaction of the * * * judgment." *Johnson v. Beattie et al.*, 265 Ky. 264, 96 S.W.2d 762. It was a final judgment since it determined the rights and authorized enforcement. *McCormack v. Moore*, 273 Ky. 724, 117 S.W.2d 952. There was nothing more for the Court to adjudicate, therefore, the judgment put an end to the controversy between the parties. *Adkins v. Carol Mining Company*, 281 Ky. 328, 136 S.W.2d 32. The order to the Sheriff to sell the property was a direction to perform an administrative act. The necessity to enter his report did not prevent the judgment from being final and appealable.

See also *Sickmeier v. Merchants and Mechanics Loan and Building Assn. of Newport*, 291 Ky. 182, 163 S.W.2d 475 (1942), involving a resale of property after the purchaser at the first sale failed to comply, in which the Court of Appeals determined that the order of resale was final and appealable.

■ The only objections raised to the November 20, 1972, order were apparently oral objections made by the Appellants in open court, according to the affidavit filed by attorneys for the Appellants. The record contains no written objections, nor was any action taken by the Appellants pursuant to CR 59.05 to perfect a motion to alter or amend the judgment or to vacate the judgment and enter a new one within ten days after the entry of the judgment. No appeal was taken from that judgment and it is the opinion of this Court that, inasmuch as the November 20, 1972, order was final, the second point raised by the Appellant is moot.

For the reasons above stated, the judgment of the lower court is affirmed.

All concur.