**T.G. ALEXANDER; Lynn Alexander; KEACO, a partnership; Farm & Homes, Inc.; and Eva Bell Alexander, Appellants,**

v.

**SPRINGFIELD PRODUCTION CREDIT ASSOCIATION, Appellee.**

Court of Appeals of Kentucky.

Aug. 10, 1984.

Earl T. Osborne, Osborne & Harris, Paducah, Gordon Germain, Bertram, Moore & Germain, Monticello, for appellants.

James D. Zornes, Durham, Durham & Zornes, Columbia, John A. Gregory, Jr., Hughes, Gregory, Easley & Blankenship, Murray, Charles Beaty, Gallatin, Tenn., for appellee.

Before COOPER, MILLER and WHITE, JJ.

MILLER, Judge.

This appeal presents the following questions: (1) Whether in a mortgage foreclosure proceeding, an appeal may be taken from an "order of sale" entered *before*

judgment on the validity and priority of claims against the realty; (2) If an appeal is proper, did the circuit court err in ordering a sale of subject realty based upon a finding that the alleged claims exceeded the value of the realty, but without actually adjudging the validity and priority of the claims which were in dispute; and, (3) Was the venue of an action to foreclose a mortgage upon realty, lying wholly within Calloway County and mortgaged in that county by a Calloway County resident/mortgagor, properly laid in Wayne County, to accommodate the mortgagee who is foreclosing upon lands of other mortgagors lying in that county?

The facts are these: On July 12, 1974, appellants T.G. Alexander and Lynn Alexander, husband and wife, (Alexanders) executed a promissory note in the principal amount of $23,933.50 to appellee, Springfield Production Credit Association (PCA). On January 31, 1975, the Alexanders executed another promissory note in the principal amount of $26,950.00 to PCA. On this date (January 31, 1975), Eva Bell Alexander, of Calloway County, the mother of T.G. Alexander, mortgaged her farm in Calloway County to PCA to secure the two aforementioned notes made by her son. The mortgage duly specified the two notes of T.G. Alexander and wife and their respective amounts. Further, the mortgage was an "open end" mortgage securing advances at the *request* of the mortgagor, Eva Bell Alexander, not exceeding a total of $100,000.00. Eva Bell denies ever requesting any advances other than the original loans, thus creating an issue as to the extent of her liability on the Calloway County mortgage.

In 1975 and 1976, T.G. Alexander and his wife, Lynn, executed a series of notes to PCA. Ultimately, these notes were secured by an "open end" mortgage upon a 1,100 acre tract of land in Wayne County. The mortgage indebtedness exceeded $200,000.00, and was alleged to be the responsibility of the Alexanders. Eva Bell Alexander was not a party to or otherwise connected with these transactions. On September 10, 1981, PCA filed suit in Wayne County against T.G. Alexander and his wife, Lynn, to foreclose the Wayne County mortgage (81–CI–159). Appellants (KEACO, a partnership, and Farm & Homes, Inc.) were named as subordinate lien holders against the realty. On October 29, 1981, PCA filed suit in Calloway County against the Alexanders, along with Eva Bell Alexander, to foreclose the Calloway County mortgage (81–CI–319). It is these two proceedings which form the basis of this appeal.

The Alexanders defended the Wayne County action by, *inter alia*, denying liability upon the indebtedness for reason that they were not, in fact, mortgagors of the property, but only created the indebtedness and executed the mortgage as an accommodation to PCA in aiding the latter in removing a "bad loan" from its records. In short, the Alexanders argued that they only entered into the transaction for the purpose of holding title to the property in "trust" for the use and benefit of PCA and, as such, should not be subjected to liability upon the notes sued upon. While we do not have the complete record, we gather from the briefs that Eva Bell Alexander defended the Calloway County litigation by denying that her farm was subject to any lien other than that for the two notes ($23,-933.50 and $26,950.00) listed in her mortgage of January 31, 1975. She denied authorizing advances to the extent of $100,-000.00, as authorized by the "open end" mortgage.

On April 6, 1983, the Wayne Circuit Court entered an order which stated, in part, as follows:

1. The Calloway County Circuit Court action, Case No. 81–CI–319, is hereby consolidated with the above styled action and Plaintiff may amend their complaint, to add as Party Defendant, Eva Alexander.

.     .     .     .     .

3. That the property located in Wayne County, Kentucky shall be ordered sold by the Master Commissioner according to statutes governing judicial sales.

On April 11, 1983, the Wayne Circuit Court entered an "Order of Sale" of the Wayne County property. In this Order of Sale, it was specifically stated that it was the court's opinion that the claims asserted against the property exceeded the property's value, and that a sale should be made and the money placed on "interest." The Order of Sale further provided:

(2) It is the conclusion of this Court that although at this time no determination will be made as to the validity or the priority of the claims listed previously by and between the parties, that the property which is the subject of this action should be sold, ....

▆▆ It is from these two orders (April 6 and April 11, 1983) that appellants bring this appeal. In this jurisdiction, there is no question but that an order of sale is a final appealable order. *See Cerwin v. Taub,* Ky.App., 552 S.W.2d 675 (1977), and *Tipton v. Harris,* 26 Ky.L.Rptr. 909, 87 S.W. 1074 (1905), [former appeal 82 S.W. 585 (1904)]. Although this rule was stated long before the advent of CR 54.01, we believe it is still applicable as the order of sale is a final adjudication as to the necessity of a sale, and when the sale is effected, the title of the purchaser, assuming the court has jurisdiction over the parties and subject matter, cannot be defeated. *See Rose v. Cox,* 297 Ky. 458, 179 S.W.2d 871 (1944). Therefore, we cannot agree that the Order of Sale was proper, inasmuch as the validity and priority of the claims against the land had not yet been determined. The bare conclusion by the trial court that the asserted liens exceeded the value of the realty is insufficient. It appears from the record that there exists a substantial issue as to the Alexander's liability to PCA and, consequently, to the validity of the Alexander's mortgage lien upon the property. Certainly, if the mortgage is determined to be invalid because the Alexanders are not indebted to PCA, it may render the sale unnecessary or, at least, it may substantially alter the position of other lien holders so as to change their appraisal of the case. While we do not hold that a sale before final judgment upon the validity and priori-

ty of claims is always impermissible, we call attention to the general rule that such a determination should be made before sale. *See* 47 Am.Jur.2d *Judicial Sales* § 25 et seq. (1969). Moreover, since strict foreclosure is forbidden in the Commonwealth (KRS 426.525) and, consequently, the satisfaction of an indebtedness secured by mortgage upon real estate is no more than the foreclosure of an indebtedness lien, it seems only reasonable that the validity of the indebtedness should be adjudicated before sale of the security. *Cf. Insurance Co. of North America v. Cheathem,* 221 Ky. 668, 299 S.W. 545 (1927).

▆▆ Since the Order of Sale appealed from provided for "consolidation" of the Calloway County action with the Wayne County action, and for leave to make the Calloway County mortgagor (Eva Bell Alexander) a party to the Wayne County case, this matter must be addressed. The proper venue for foreclosing a mortgage lien upon property wholly lying within Calloway County is that county, it being the situs of the real property. KRS 452.400(3). Eva Bell Alexander did not offer her Calloway County land to secure any indebtedness other than the two notes of her son, T.G. Alexander, and his wife, dated July 12, 1974, and January 31, 1975, and referred to in the Calloway County mortgage. Of course, she was liable for any advances thereunder not exceeding $100,000.00. She denies having authorized any such advances. As heretofore indicated, she had no connection with the Wayne County transactions between PCA and her son. Further, it does not appear that she has agreed to transfer venue (KRS 452.010), nor been guilty of waiver under law. *See Miller v. Watts,* Ky., 436 S.W.2d 515 (1969), and *Pierce v. Crisp,* 267 Ky. 420, 102 S.W.2d 386 (1937). The cold fact is the proper venue over any foreclosure she suffers is that of Calloway County. This would be true, notwithstanding her own residence which, incidentally, appears to be in Calloway County. *See Dunn v. Whitley National Bank,* 239 Ky. 536, 39 S.W.2d 993 (1931). The order "consolidating" the

actions and making Eva Bell Alexander a party to the Wayne County proceedings was erroneous.

The orders appealed from, so far as they involve the issues herein discussed, are vacated, and this cause is remanded for proceedings consistent with this opinion.

All concur.