**SECURITY FEDERAL SAVINGS & LOAN ASSOCIATION OF MAYFIELD, Appellant,**

v.

**Fred L. NESLER, Clarence T. Hensley, and the Estate of Orvis D. McReynolds, Deceased, Appellees.**

Supreme Court of Kentucky.

Sept. 26, 1985.

As Corrected Nov. 1, 1985.

E. Dan Sharp, Jr., Mayfield, for appellant.

Dennis L. Null, Lookofsky & Null, Mayfield, for appellee/Fred L. Nesler.

James B. Brien, Jr., Dennis Lortie, Neely & Brien, Mayfield, for appellee/Clarence T. Hensley.

Wayne Freeman, Mayfield, for appellee/Estate of Orvis D. McReynolds, Deceased.

WINTERSHEIMER, Justice.

This appeal is from a decision of the Court of Appeals which affirmed the circuit court as to the finality of a foreclosure judgment, order confirming sale and order establishing priorities for the payment of claims within the meaning of Civil Rule 54.02.

The issue is whether the "Judgment and Order of sale" is a final and appealable order rather than the "Final judgment, order confirming sale, and order establishing priorities for the payment of claims."

Three tracts of real estate were the subject of a foreclosure action by Security. On May 17, 1983, a judgment and order of sale was issued by the circuit court which directed the Master Commissioner to sell the property to satisfy the liens securing their obligations. The judgment determined the amounts due and the order of priorities. The first mortgage on all of the three separate tracts was security for a $76,000 note executed in 1977. The second mortgage on only the first two tracts was security for a $60,000 note executed in 1978. Nesler was joined as a defendant to adjudicate his rights in a 1981 mortgage on the third tract, security for a $40,000 note. Hensley was joined to adjudicate his rights on a 1982 lis pendens on all three tracts. The Estate of Orvis D. McReynolds was joined to adjudicate its rights on a 1980 mortgage on the first two tracts, security for a note. Tracts I and II were adjacent to each other and Tract III was a few miles distant.

The Commissioner sold Tract III separate from I and II. Security bid $51,000 for Tracts I and II and $76,000 for Tract III. There was no objection to the conduct of the sale at that time. Thereafter Security filed a motion to set aside the sale seeking a resale based on an earlier oral

request of the Commissioner by the savings association president to sell all three tracts together. Later Security filed a supplemental motion contending that the judgment and order of sale entered on May 17 was a final order and judgment and that the sale conducted by the Commissioner had not complied with the terms and order of judgment. On September 15, 1983, a final judgment, order confirming sale and establishing priorities confirmed the sale, denied the motion to set aside the sale and ordered the Master Commissioner to execute deeds. That order changed the payment priorities which had been established by the May 17 judgment. The proceeds of Tract I and II were distributed without challenge. In distributing the proceeds of Tract III, the debts of Nesler, Hensley and the McReynolds estate were placed ahead of the balance due to Security on the Tracts I and II mortgage.

A majority of the Court of Appeals panel determined that the May 17 judgment was not final under CR 54 because the September 15 judgment disposed of remaining questions regarding disbursement of money and payment of costs.

Security argues that *Alexander v. Springfield Production Credit Assn.*, Ky.App., 673 S.W.2d 741 (1984), supports their position. Discretionary review was not sought in *Alexander, supra,* in which the Court of Appeals vacated and remanded an improper order of sale as preceding determination of the validity and priority of claims.

Nesler and Hensley contend that the September 15 judgment merely clarified the payment of the claims or determined the right of the Master Commissioner to proceed as he did. They distinguish *Alexander* on the grounds that the May 17 judgment did not dispose of all the matters in issue. The dissent in this Court of Appeals case states that the May 17 judgment was final and appealable and the court lacked jurisdiction to change the final judgment it had entered more than 10 days previously. Consequently, the September 15 judgment

should be reversed and the May 17 judgment reinstated.

 A judgment holding that the purchase of land was subject to a lien and decreeing a sale of the land to satisfy that debt is a final order from which an appeal lies. *May v. Ball,* 108 Ky. 180, 56 S.W. 7 (1900). An order of sale which directs a disbursement of the proceeds after payment of costs definitely is a final and appealable order. *See Newsom v. Johnson,* Ky., 255 S.W.2d 33 (1953).

 *Alexander v. Springfield Production Credit Assn.,* Ky.App., 673 S.W.2d 741 (1984), held that the order of sale is a final, appealable order. An order which orders property sold but does not include the magic words of CR 54.02 "there is no reason for delay," or "this is a final order," is still a final and appealable order.

 *Hale v. Deaton,* Ky., 528 S.W.2d 719 (1975), which is quoted by some as standing for the proposition of finality in this situation, does not apply to the precise question presented here. A better reasoned opinion, although it does not contain the exact language as to finality needed in this case is *Cerwin v. Taub,* Ky.App., 552 S.W.2d 675 (1977). An order is final under *Cerwin, supra,* if the order adjudicated all of the claims of all of the parties before the court at the time the order was entered.

CR 54.01 defines a final and appealable order as one which adjudicates the rights of all of the parties. CR 54.02 applies only where there are multiple claims and the court grants a final judgment upon one or more but less than all of the claims at issue. This case involved multiple parties and multiple claims, but the order of May 17 disposed of and adjudicated all the rights of all the parties on all the claims. It set out the validity, amount and priority of each of the claims of the parties and ordered the property sold so as to satisfy these claims.

The magic words required by CR 54.02 for finality do not apply because the result of the May 17 order left nothing to adjudi-

cate regarding the rights and priorities of the parties.

 If the earlier order was incorrect or the priorities were misapplied, then a motion under CR 59.05 was the proper remedy. CR 59.05 provides that a court cannot change on motion or sua sponte a judgment it has entered after ten days. A CR 59.05 motion was not filed in this case. Therefore the May 17 order stands as final.

There are numerous cases holding that an order directing property to be sold in satisfaction of a judgment is a final judgment. The order to sell the property was a direction to perform an administrative act. The necessity to make a report of that action does not prevent the judgment from being final and appealable. *See Elam v. Acme Well Drilling Co.*, Ky., 411 S.W.2d 468 (1967).

 It is the holding of this Court that an order which directs property to be sold in satisfaction of a judgment and lists and determines the priorities is a final and appealable judgment. The only purpose of retaining the case on the docket was to enforce the judgment by marshaling the assets, conducting the sale, and distributing the proceeds. *See Elam, supra.* That action does not diminish the finality of the first judgment and order of sale.

The decision of the Court of Appeals is reversed and the May 17, 1983 judgment of the circuit court is reinstated.

STEPHENS, C.J., and GANT, LEIBSON, STEPHENSON and WINTERSHEIMER, JJ., concur.

AKER and VANCE, JJ., dissent.