RENDERED: FEBRUARY 7, 2025; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2023-CA-1127-MR

SCOTT ANDERSON AND PEGGY M.
ANDERSON                                                                APPELLANTS


                    APPEAL FROM JEFFERSON CIRCUIT COURT
v.                  HONORABLE ERIC JOSEPH HANER, JUDGE
                    ACTION NO. 16-CI-400979


WILMINGTON SAVINGS FUND
SOCIETY, FSB, AS OWNER
TRUSTEE OF THE RESIDENTIAL
CREDIT OPPORTUNITIES TRUST
VII-B; MTGLQ INVESTORS, L. P.;
STATE FARM BANK; STONE
CREEK FINANCIAL, INC.; U.S.
BANK NATIONAL ASSOCIATION,
AS TRUSTEE FOR THE SPECIAL
UNDERWRITING AND
RESIDENTIAL FINANCE TRUST,
MORTGAGE LOAN ASSET-BACKED
CERTIFICATES, SERIES 20065-BC1;
AND U.S. BANK NATIONAL
ASSOCIATION, NOT IN ITS
INDIVIDUAL CAPACITY, BUT
SOLELY AS TRUSTEE OF THE NRZ
PASS-THROUGH TRUST XI-B                                                   APPELLEES

\*\* \*\* \*\* \*\* \*\*

BEFORE:  THOMPSON, CHIEF JUDGE; CETRULO AND COMBS, JUDGES.

COMBS, JUDGE:  This case involves a foreclosure action.  Appellants, Scott Anderson, and his wife, Peggy Anderson, appeal the judgment and order of sale entered in Jefferson Circuit Court on August 23, 2023.  After our review, we affirm.

The material facts are undisputed.  In August 2005, Scott Anderson executed a promissory note in favor of the nominee of Wilmington Finance, one of the Appellees.  In order to secure the loan, the Andersons executed a thirty-year mortgage against their home.  Several months later, the loan fell into default, and the Andersons filed for bankruptcy protection.  Their personal liability on the debt was extinguished.

In February 2007, Appellee U.S. Bank filed an action to foreclose the mortgage.  In April, Scott accepted a forbearance agreement wherein he admitted default.  In September 2007, the parties entered into a loan modification agreement, and U.S. Bank dismissed the foreclosure action.  The agreement temporarily modified the terms of the mortgage, but its original terms were scheduled to resume twenty-four months later.

However, before the twenty-four-month period elapsed, the Andersons applied for relief under the federal Home Affordable Modification Program. The program rules included income limitations. Under a federal directive implementing the program, lenders were authorized to rely on borrowers' self-report of income. In November 2009, the loan servicer received financial documentation indicating that the Andersons' income exceeded program limitations and that they did not qualify for a permanent loan modification. As a result, U.S. Bank filed a second action to foreclose the mortgage. This action was dismissed in 2014 after the loan servicer offered the Andersons another temporary payment plan. After three-months' payments were made, the Andersons were offered a permanent loan modification agreement. They rejected the agreement.

The foreclosure action underlying this appeal was filed on May 31, 2016. Wilmington Savings Fund Society, FSB, as Owner Trustee of the Residential Credit Opportunities Trust VII-B (Wilmington), obtained a judgment and order of sale on August 23, 2023. The mortgaged property was sold to a third party on November 3, 2023; the sale was confirmed on February 12, 2024. This appeal followed.

An order directing that property be sold in satisfaction of a judgment is a final judgment subject to appeal. *KeyBank National Association v. Allen*, 499 S.W.3d 693, 696-700 (Ky. App. 2016) (citing *Security Federal Sav. & Loan Ass'n*

-3-

*of Mayfield v. Nesler*, 697 S.W.2d 136, 139 (Ky. 1985)). On appeal, the Andersons present five arguments in support of their contention that the trial court's judgment must be reversed. We address them in the order in which they were presented to the court -- applying *de novo* review to decide whether the circuit court erred by concluding that Wilmington was entitled to judgment as a matter of law. CR[1] 56.

First, the Andersons argue that Wilmington's mortgage cannot be enforced because its foreclosure action is time-barred. It contends that the action was filed outside the period of limitations because it was filed more than six years after mortgage terms were first accelerated on February 7, 2007.

Where a mortgage contains an agreement to pay, foreclosure is not subject to the six-year period of limitations established by KRS[2] 355.3-118(1). *Warning's Ex'r v. Tabeling*, 133 S.W.2d 65, 66 (Ky. 1939). The Andersons' mortgage contained specific covenants to pay principal, interest, and other charges. Consequently, Wilmington's foreclosure action was subject to a fifteen-year period of limitations. *See* KRS 413.090(2). Therefore, the action was filed in timely fashion and was not time-barred as Appellants have argued.

---

[1] Kentucky Rules of Civil Procedure.

[2] Kentucky Revised Statutes.

Second, the Andersons contend that Wilmington is estopped from foreclosing the mortgage because it broke its promise to modify the loan after accepting a series of monthly payments pursuant to the terms of the federal Home Affordable Modification Program. They argue that the income-limits provisions of the program were misapplied because Peggy's income was mistakenly included in the calculation. They contend that they properly qualified for a permanent loan modification at that time.

While the Andersons contend that federal regulations prohibit foreclosure under these circumstances, they fail to cite any pertinent provision in support of that contention. Moreover, this argument was not presented to the trial court for consideration. There is no independent authority for the Andersons' conclusory argument that Peggy's income should have been excluded from the program's calculation for permanent loan modifications. Under the circumstances, Wilmington was not precluded by principles of estoppel from enforcing its mortgage.

In their third argument, the Andersons claim that Wilmington waived any right to collect interest pursuant to the terms of the mortgage because interest was improperly calculated in the trial court. However, the record confirms that Wilmington supplied the trial court with an affidavit recapping the variable interest rates applicable to the debt and the dates upon which those rates applied. There is

no evidence to indicate that Wilmington's calculations were erroneous. Thus, it did not waive its right to collect interest pursuant to the terms of the mortgage.

Fourth, the Andersons argue that Wilmington could not enforce its mortgage because the terms of the 2007 modification agreement constituted a novation of the mortgage obligation. We disagree.

A novation is undertaken in order to materially change the parties' bargain. *Forcht v. Forcht Bank, N.A.*, 533 S.W.3d 695, 701-02 (Ky. App. 2017). The transactions at issue merely continued the Andersons' original obligation; they did not extinguish it, nor did they materially change the promise to pay. *See Amlung v. First Nat'l Lincoln Bank of Louisville*, 411 S.W.2d 465 (Ky. 1967). Moreover, KRS 382.520(1) specifically provides as follows:

> [i]n all cases where a loan is secured by a real estate mortgage, the mortgage originally executed and delivered by the borrower to the lender shall secure payment of all renewals, extensions, or interest rate modifications of the loan and the note evidencing it, whether so provided in the mortgage or not.

There is no indication that the Andersons' underlying indebtedness was paid or that the mortgage securing it was released. Instead, the loan modification agreement expressly provided a temporary reprieve, and the original terms of the mortgage were meant to resume in twenty-four months. There is no evidence that the parties negotiated a novation.

In their fifth and final argument, the Andersons contend that the terms of the original mortgage limit the total amount that Wilmington can recover in fees, interest, and other charges. However, we cannot construe the clear language of the mortgage as capping the interest accruing over the course of the loan's repayment or the fees and charges incurred.

We find no error in the decision of the Jefferson Circuit Court granting judgment in favor of Wilmington or in its order that the property be sold.

Therefore, we affirm the judgment and order.

ALL CONCUR.

BRIEF FOR APPELLANT:

Zachary L. Taylor
Louisville, Kentucky

BRIEF FOR APPELLEE
WILMINGTON SAVINGS FUND
SOCIETY, FSB, AS OWNER
TRUSTEE OF THE RESIDENTIAL
CREDIT OPPORTUNITIES TRUST
VII-B; MTGLQ INVESTORS, L. P.:

Chris Wiley
Columbus, Ohio