Dr. Mark Andrew NUNLEY and
Michelle Anne Nunley,
Appellants

v.

Beth NEULING, Appellee

NO. 2015-CA-001707-ME

Court of Appeals of Kentucky.

SEPTEMBER 1, 2017; 10:00 A.M.

BRIEF FOR APPELLANT: Allen McKee Dodd Louisville, Kentucky.

NO APPELLEE BRIEF.

BEFORE: ACREE, DIXON, AND TAYLOR, JUDGES.

## OPINION AND ORDER

TAYLOR, JUDGE:

Dr. Mark Andrew Nunley and Michelle Anne Nunley (collectively referred to as the Nunleys) bring this appeal from an October 30, 2015, order of the Jefferson Circuit Court, Family Court Division. For the reasons stated, we dismiss this appeal as having been untimely filed pursuant to Kentucky Rules of Civil Procedure (CR) 73.02.

Michelle Anne Nunley is the biological mother of Beth Nueling. Beth was born on March 29, 1984. Michelle subsequently married Dr. Mark Andrew Nunley, and in November 2000, Mark adopted Beth. Beth subsequently had two biological children, J.M.N. on August 15, 2003, and A.M.N. on September 11, 2008. J.M.N. resided with the Nunleys for over six years after his birth and A.M.N. resided with the Nunleys for approximately nine months.

Beginning in 2006, the relationship between the Nunleys and Beth apparently deteriorated. Relevant to this appeal, on June 27, 2012, the Nunleys filed a petition for grandparent visitation in the Jefferson Circuit Court, Family Court Division, (Action No. 12-CI-502188). In the petition, the Nunleys alleged that Beth's minor children, J.M.N. and A.M.N., had lived with them continuously from the time of their respective births until 2009. On July 12, 2012, a mediation conference was conducted. The Nunleys were present with counsel, but Beth proceeded *pro se*. The Nunleys and Beth eventually reached a mediation agreement regarding visitation, and on July 24, 2012, an agreed order was entered setting forth the provisions of the agreement. Pursuant to the July 24, 2012, agreed order, the Nunleys were granted visitation with the children two weekends per month and one evening per week.

Shortly after entry of the July 24, 2012, agreed order, Beth filed a timely motion pursuant to CR 59.05 to set aside said order claiming it was procured by overreaching and duress. By order entered December 20, 2013, the family court granted Beth's motion and set aside the July 24, 2012, agreed order. The Nunleys filed a notice of appeal (Appeal No. 2014-CA-

000241-ME) from the December 20, 2013, order.

While Appeal No. 2014-CA-000241-ME was pending, the Nunleys filed a motion in the family court to set a case management conference. Soon thereafter, a mediation conference was conducted, and the parties once again reached an agreement. Pursuant to a September 3, 2014, mediation agreement, it was again agreed that the Nunleys would have visitation with the children. The September 3, 2014, mediation agreement, however, provided that its provisions would "be reviewed in ... [another] mediation within two months if needed, prior to any additional litigation."

In conformance with the September 3, 2014, mediation agreement, the parties conducted another mediation conference within two months. This conference also produced a mediation agreement dated November 4, 2014. Under the November 4, 2014, mediation agreement, the Nunleys were to continue with visitation one weekend per month and two or three weeknights per month. The November 4, 2014, mediation agreement also included a provision allowing the Nunleys two weeks of annual vacation time with the children. Particularly relevant to this appeal, the November 4, 2014, mediation agreement provided: "The parties agree this agreement resolves the visitation hearing scheduled 2/3/15 which shall be remanded but does not dismiss the appeal." By agreed order entered November 17, 2014, the family court adopted by reference the September 3, 2014, and the November 4, 2014, mediation agreements.[1] No appeal was taken from the November 17, 2014, agreed order.[2]

After the November 17, 2014, agreed order was entered, the Court of Appeals rendered an Opinion in the Nunleys' first appeal. By Opinion rendered February 27, 2015, the Court of Appeals dismissed Appeal No. 2014-CA-000241-ME. Therein, this Court reasoned the December 20, 2013, order appealed from was interlocutory and nonfinal. The Court particularly stated:

> [T]he grandparent visitation action has not been resolved. Because its outcome is pending, we may not examine other issues that have arisen during litigation. Accordingly, we must dismiss the appeal.

February 27, 2015, Opinion at 2.

Some six months thereafter, on June 17, 2015, the Nunleys filed a motion requesting that the family court enter a final and appealable order. The Nunleys maintained:

> The Nunleys are the Grandparents of the Respondent, Beth Anne Nueling's (Beth) minor children J.M.N...., age eleven (11) and A.M.N...., age six (6). On December 20, 2013, this Court entered an order, which, among other things, granted Beth's motions to set aside and rescind a mediated agreement, entered as a court order, which provided the Nunley's visitation with the children.

---

1. The agreed order was signed by Judge Jerry J. Bowles who presided over this action from its inception in July 2012. Judge Bowles retired effective January 1, 2015, and was replaced by Judge A. Christine Ward, who has since presided over the case to date.

2. This order incorporated mediation agreements entered into by the parties dated September 3, 2014, and November 4, 2014. The November 4 agreement on its face appears to have resolved the visitation issue, which was the sole subject matter of the petition filed in this case. The order was tendered to Judge Bowles for entry by counsel for Beth Neuling (appellee), who certified that a copy of the order was emailed to counsel for Dr. Mark Andrew Nunley and Michelle Anne Nunley (appellants) on November 7, 2014. The order states that it is a "final and appealable order."

That order reserved the issue of grandparent visitation for further proceedings.

The Nunleys sought to appeal this order, but their appeal was eventually rejected by the Kentucky Court of Appeals which found that the December 20th [2013] order was interlocutory in nature, due to the fact that the issue of grandparent visitation had been reserved for further litigation....

The parties later reached two mediated agreements on September 3, 2014[,] and November 4, 2014[,] providing the Nunleys visitation with their grandchildren. These mediated agreements were adopted by this Court by an order entered on November [17], 2014. In both of these agreements, the parties agreed that their mediated settlements would not prejudice any appellate litigation.

The Nunleys wish to seek relief from the Court of Appeals and request that this Court enter a final and appealable order providing that this case is ripe for appeal.

June 17, 2015, Motion at 1-2.[3]

Following the Nunleys' June 17, 2015, motion, an order was entered in the family court on October 30, 2015. Therein, the family court specifically stated:

IT IS HEREBY ORDERED AND ADJUDGED that an order has been entered on the outstanding issue of grandparent visitation. No other issues are pending before this Court for adjudication.

IT IS FURTHER ORDERED AND ADJUDGED that, pursuant to CR 54.02(2), all prior, interlocutory orders entered by this Court are now final, appealable, and there is no just cause for the delay of their entry or execution.

October 30, 2015, Order at 1. On November 10, 2015, the Nunleys filed the instant appeal from the October 30, 2015, order of the family court seeking to appeal again the order entered December 20, 2013.

■ It is well-established that a final judgment is an order adjudicating all the rights of all the parties in a particular action or proceeding. CR 54.01; *Hook v. Hook*, 563 S.W.2d 716 (Ky. 1978). To be timely, a notice of appeal must be filed within thirty days after notation of service of the order or judgment appealed. CR 73.02. The failure to timely file a notice of appeal shall result in automatic dismissal of the appeal. *Excel Energy, Inc. v. Commonwealth Institutional Securities, Inc.*, 37 S.W.3d 713 (Ky. 2000).

This action was initiated by the Nunleys filing a petition for grandparent visitation in 2012. It is readily apparent that the November 17, 2014, agreed order adjudicated the grandparent visitation issue in its entirety. In fact, the November 4, 2014, mediation agreement, which was incorporated into the November 17, 2014, agreed order, specifically provided that the visitation issue was resolved and that a scheduled hearing on grandparent visitation was remanded. By so doing, the November 17, 2014, agreed order effectively adjudicated the only legal claim (grandparent visitation) set forth in the petition and, thus, was final and appealable pursuant to CR 54.01 upon entry. No appeal was taken from that order.

This case highlights the confusion that sometimes occurs in the application of CR 54.01 and CR 54.02. Justice Wintersheimer explained this distinction in *Security Federal Savings & Loan Association of May-*

**3.** We note that counsel for appellee (respondent below) was permitted to withdraw from the case by order entered April 13, 2015.

Thereafter, Beth was *pro se* throughout the remainder of the proceedings below and did not file an appellee brief in this case.

*field v. Nesler*, 697 S.W.2d 136 (Ky. 1985) as follows:

CR 54.01 defines a final and appealable order as one which adjudicates the rights of all of the parties. CR 54.02 applies only where there are multiple claims and the court grants a final judgment upon one or more but less than all of the claims at issue. This case involved multiple parties and multiple claims, but the order of May 17 disposed of and adjudicated all the rights of all the parties on all the claims. It set out the validity, amount and priority of each of the claims of the parties and ordered the property sold so as to satisfy these claims.

The magic words required by CR 54.02 for finality do not apply because the result of the May 17 order left nothing to adjudicate regarding the rights and priorities of the parties.

*Id.* at 138-39.

■ In other words, CR 54.02 is confined only to actions involving multiple claims or multiple parties where judgment is entered on less than all of the claims. This case has involved one claim during the course of the litigation—grandparent visitation—and did not have multiple parties. Upon resolution of the grandparent visitation issue in November 2014, there was nothing left to adjudicate on the claim. Thus, CR 54.02 and the "magic words" alluded to by Justice Wintersheimer in *Nesler* were not applicable to this case at that time. *See Hook*, 563 S.W.2d 716.[4]

■ In this case, the Nunleys seek to appeal again the December 20, 2013, order of the Jefferson Family Court, which the Nunleys assert was made final and appealable by the court's order entered October 30, 2015. That order is clearly premised on CR 54.02, which we have held is not applicable to this case as a result of the court's order entered November 17, 2014, which adjudicated the grandparent visitation issue pursuant to CR 54.01. The November 17, 2014, order further states that it is "final and appealable." Notwithstanding subsequent disputes arising from the mediated settlement, the grandparent visitation issue was resolved by the family court upon entry of its order on November 17, 2014, pursuant to CR 54.01.

■ The Nunleys emphasize in their brief that the two mediated settlements entered into in 2014 and made a part of the November 17, 2014, order, by agreement of the parties, "would not prejudice any appellate litigation." Nunley's Brief at 4. However, the appellate jurisdiction of this Court to consider an appeal from the family court may not be conferred by consent or agreement of the parties. *Wilson v. Russell*, 162 S.W.3d 911 (Ky. 2005).

■ In Kentucky, the right to an appeal emanates from Section 115 of the Kentucky Constitution. The appellate process is controlled by Rules promulgated by the Kentucky Supreme Court and therein, an appeal may only be considered if properly perfected according to said Rules. *Wilson*, 162 S.W.3d 911. In this case, the Nunleys attempt to confer appellate jurisdiction by agreement fails as a matter of law.

Our conclusion is also supported by the language in the family court's order entered October 30, 2015, which the Nunleys rely upon per CR 54.02. In the October 30, 2015, order, the family court acknowledged that an order had been previously rendered adjudicating grandparent visitation and no issues were currently pending. The

---

4. For a thorough discussion of the necessity and application of the "magic words" found in Kentucky Rules of Civil Procedure 54.02 for perfecting an interlocutory appeal. *See Watson v. Best Financial Services, Inc.*, 245 S.W.3d 722 (Ky. 2008).

order being referenced is clearly the November 17, 2014, order, not the December 20, 2013, order. Again, we emphasize the November 17, 2014, order was final upon entry. As such, the October 30, 2015, order had no legal effect upon finality or the running of time to appeal in this case, and thus is a nullity for purposes of appeal.[5]

As the November 17, 2014, agreed order was final and appealable under CR 54.01, the Nunleys' notice of appeal was untimely filed. The Nunleys filed their notice of appeal on November 10, 2015, and the final agreed order adjudicating grandparent visitation had been entered on November 17, 2014. The appeal was not timely filed under CR 73.02. However, the dismissal of this appeal will not prejudice the Nunleys in seeking the enforcement of the November 17, 2014, order and attached agreements in the family court.

Now, therefore, be it ORDERED that Appeal No. 2015-CA-001707-ME is DISMISSED as being untimely filed.

ALL CONCUR.

---

**5.** As then Justice Minton noted in *Watson v. Best Financial Services, Inc.*, 245 S.W.3d 722, 727 (Ky. 2008), "[a] trial court should not grant [Kentucky Rules of Civil Procedure] CR 54.02 requests routinely or as a courtesy to counsel. Each case must be evaluated on a case-by-case basis."