RENDERED: SEPTEMBER 23, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2020-CA-1580-MR

THOMAS DUANE JUANSO                                       APPELLANT

|  | APPEAL FROM JEFFERSON FAMILY COURT |
|---|---|
| v. | HONORABLE ANGELA JOHNSON, JUDGE |
|  | ACTION NO. 16-CI-500320 |

ELIZABETH JUANSO (N/K/A
OSTEEN)                                       APPELLEE

AND

NO. 2020-CA-1606-MR

ELIZABETH JUANSO (N/K/A
OSTEEN)                            CROSS-APPELLANT

|  | CROSS-APPEAL FROM JEFFERSON FAMILY COURT |
|---|---|
| v. | HONORABLE ANGELA JOHNSON, JUDGE |
|  | ACTION NO. 16-CI-500320 |

THOMAS D. JUANSO                                   CROSS-APPELLEE

** ** ** ** **

BEFORE: GOODWINE, MAZE, AND K. THOMPSON, JUDGES.

GOODWINE, JUDGE: Thomas Duane Juanso ("Father") appeals from the

Jefferson Family Court's order denying his motion for relief under CR[1] 60.02.

Elizabeth Juanso (n/k/a/ Osteen) ("Mother") moved to dismiss arguing Father's

appeal is an impermissible, untimely attempt to appeal a previous order. Based on

our review, the Court ORDERS the motion be, and it is hereby, GRANTED and

the appeal is hereby DISMISSED.

Father and Mother married in 2012 and are the parents of one minor

child ("Son") born in 2015. On February 2, 2016, Mother filed a petition for

dissolution in the Jefferson Family Court. The parties resolved all issues in a

marital settlement agreement ("MSA"). Specifically, they agreed to exercise joint

legal custody, Mother would continue to provide the primary residence for Son,

and Mother may relocate to Tennessee with Son. On May 4, 2016, the family

court entered the decree of dissolution incorporating the MSA.

In early 2017, Mother filed a notice of intent in the Jefferson Family

Court to relocate to Tennessee with Son in accordance with the MSA. Father did

---

[1] Kentucky Rules of Civil Procedure.

not object, so no hearing was required. Mother and Son relocated to Tennessee where they have continuously resided since March 2017.

Approximately eighteen months later, Mother filed a petition to register and domesticate the final decree of dissolution of marriage in Tennessee. Father was served with a copy of the petition. In response, he filed a motion to dismiss the case, but he never sought a hearing.

Instead, Father filed a motion in the Jefferson Family Court for contempt regarding the parties' parenting schedule. In response, Mother argued: (1) under the Uniform Child Custody Jurisdiction and Enforcement Act ("UCCJEA")[2] in both Tennessee and Kentucky, Tennessee was Son's "home state," and (2) all child custody/parenting issues regarding their minor child should properly be addressed in the Tennessee court with child custody jurisdiction. After a hearing, the Jefferson Family Court entered an order on October 23, 2018, deferring child custody jurisdiction to Tennessee, Son's home state under the UCCJEA of both states. Although the order did not state it was final and appealable under CR 54.02, there were no other pending matters before the Jefferson Family Court. Father did not file any post-judgment motions or appeal the order.

---

[2] Kentucky Revised Statutes ("KRS") 403.800 *et seq.*

The Tennessee court moved forward with domestication hearings. Father did not participate in the proceedings. On January 3, 2019, the Tennessee court entered an order to register and domesticate the final decree. Again, Father filed no post-judgment motions, nor did he appeal the order.

On February 12, 2019, Father filed a motion for relief under CR 60.02 in the Jefferson Family Court asking the court to set aside its October 23, 2018, order deferring jurisdiction to Tennessee four months prior.[3] Mother objected. On March 4, 2019, the family court entered an order setting a hearing, and Father responded by moving to expedite the hearing. Mother moved the family court to take the matter under advisement. And, on April 26, 2019, without a hearing, the family court entered an order denying Father's CR 60.02 motion and reiterated that Tennessee had proper jurisdiction over the case. Again, this order did not include CR 54.02 finality language, but this was the only pending matter before the family court. Father did not file any post-judgment motions or notice of appeal.

On April 30, 2019, Father filed an extraordinary petition for writ of mandamus and a motion for intermediate relief against the family court judge and Mother in this Court. On May 2, 2019, this Court entered an order denying

---

[3] On February 11, 2019, Father's counsel moved to withdraw. The family court granted the motion and Father proceeded *pro se.* Father was licensed to practice law in Kentucky in 2010. On June 17, 2020, the Kentucky Supreme Court indefinitely suspended him for conduct unrelated to this case.

Father's motion for immediate relief. On July 11, 2019, this Court entered an order denying Father's petition for an extraordinary writ. This Court held: "The Jefferson Circuit Court's order declining jurisdiction as well as the order denying Mr. Juanso's request for CR 60.02 relief were appealable orders; yet no appeal was taken. Mr. Juanso has failed to demonstrate how the ordinary appellate process was inadequate in this case."[4] Record at 361.

Unrelated to the issues on appeal, Mother then filed a motion to establish child support in the Jefferson Family Court. The family court set a hearing for January 28, 2020, and Father moved for a continuance. Neither Father nor counsel appeared at motion hour, so the family court remanded the motion for a continuance. Then, Father filed a motion for recusal and to stay proceedings. However, the hearing went forward on January 28, 2020, as scheduled. Mother appeared telephonically, and Father did not appear in person or by counsel. Judge Webb denied Father's motion for recusal. On February 12, 2020, the court entered an order establishing child support.

On September 24, 2019, Father moved to make the April 29, 2019, order final and appealable. On September 26, 2019, Mother filed her response

---

[4] Judge Maze dissented, stating: "I would grant the writ and remand with instructions for the circuit court to comply with UCCJEA, KRS 403.800 et seq., and communicate with the Tennessee court regarding the simultaneous child custody proceedings."

objecting to Father's motion. The family court did not enter an order regarding this motion.

In February 2020, Father filed an affidavit and action against Jefferson Family Court Judge Derwin Webb in the Supreme Court of Kentucky. Prior to the Kentucky Supreme Court's ruling, the family court entered an order for reassignment of the case, finding it had some distant familiarity with Mother. Thereafter, the Kentucky Supreme Court entered an order denying Father's request for disqualification.

On August 24, 2020, nearly a year after filing the September 24, 2019, motion, Father filed a renewed motion seeking to make the April 26, 2019, order final and appealable. Mother objected. On November 12, 2020, the family court entered an order reiterating its denial of Father's February 12, 2019, CR 60.02 motion. This order stated it was final and appealable.

Father filed a timely notice of appeal of the November 2020 order. Mother moved to dismiss the appeal, which this Court passed to the merits panel. Briefing ensued, and Mother cross-appealed.

On appeal, Father argues the family court failed to comply with the UCCJEA when it transferred jurisdiction of the child custody matter to a Tennessee court without a final hearing, formal request to transfer, or any attempt to communicate with the Tennessee judge.

In her motion to dismiss, Mother argues Father ignored the remedies available to him under Kentucky Rules of Civil Procedure, and we should not allow him to circumvent the finality of the family court's order deferring jurisdiction over child custody to Tennessee. We agree.

This Court previously held the order declining jurisdiction and the order denying CR 60.02 relief were final orders that Father failed to appeal. "CR 54.01 defines a final and appealable order as one which adjudicates the rights of all of the parties." *Nunley v. Neuling*, 530 S.W.3d 476, 480 (Ky. App. 2017) (quoting *Security Federal Savings & Loan Association of Mayfield v. Nesler*, 697 S.W.2d 136, 138 (Ky. 1985)). CR 54.02 only applies "to actions involving multiple claims or multiple parties where judgment is entered on less than all of the claims." *Id.*

Here, the only pending claim was whether Kentucky or Tennessee had jurisdiction to determine child custody, and there were not multiple parties. After the family court determined jurisdiction was proper in Tennessee, there were no other pending claims. Though the order did not state it was "final and appealable" under CR 54.02, the family court was not required to use those "magic words" because CR 54.02 did not apply. *Nunley*, 530 S.W.3d at 480.

In an attempt to skirt this Court's order denying Father's *pro se* petition for an extraordinary writ, on August 24, 2020, Father moved the family court to make the April 26, 2019 order denying CR 60.02 relief final and

appealable under CR 54.02. On November 12, 2020, the family court entered an order reiterating the denial of Father's CR 60.02 motion and stated the order was final and appealable. If the family court entered this order intending to permit Father to appeal its previous orders, this was in error. CR 54.02 language was not required to make the court's previous orders appealable. Father cannot use the order on appeal to remedy his repeated failures to follow our procedural rules. He could have timely handled the matter in the Jefferson Family Court, on appeal, or in the Tennessee court, yet he did not. We do not condone Father's disregard for our rules.

This Court has considered Mother's motion to dismiss the appeal and finds it has merit.

## **ORDER**

IT IS HEREBY ORDERED that Mother's motion to dismiss this appeal is GRANTED. This appeal is hereby DISMISSED.

ALL CONCUR.

ENTERED: September 23, 2022

_Pamela R. Goodwine_

JUDGE, COURT OF APPEALS

BRIEFS FOR APPELLANT/CROSS-APPELLEE:

Allison S. Russell
Louisville, Kentucky

BRIEFS FOR APPELLEE/CROSS-APPELLANT:

Marcia L. Sparks
Louisville, Kentucky

Virginia H. Snell
Matthew L. Bunnell
Louisville, Kentucky